UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDELSON V., L.P.,<br><br>       Plaintiff,<br><br>v.<br><br>ENCORE NETWORKS, INC., *et al.*,<br><br>       Defendants. | Civ. No. 2:11-5802 (KM)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

    Plaintiff Edelson V, L.P. ("Edelson"), a venture capital fund, brings this action against Encore Networks, Inc. ("Encore"), Wesley Clover International Corporation a/k/a Wesley Clover Corporation ("Wesley Clover"), Sir Terence H. Matthews and Peter C. Madsen, alleging fraud, negligent misrepresentation, unjust enrichment, and breaches of fiduciary duty in connection with Edelson's equity investment in Encore.

    Wesley Clover and Matthews, citizens of Canada, moved to dismiss Edelson's First Amended Complaint (the "Complaint") under Federal Rules of Civil Procedure 12(b)(2) and 9(b) for lack of personal jurisdiction. Judge Cecchi referred that motion to Magistrate Judge Dickson. In his Report and Recommendation dated August 13, 2012 (ECF No. 37), Judge Dickson recommended granting Wesley Clover and Matthews' motion to dismiss and denying Edelson's request for jurisdictional discovery.

    The parties have not objected to the bulk of Magistrate Judge Dickson's Report and Recommendation; in fact, only two subsidiary issues drew an objection from Edelson. Specifically, Edelson has requested that this court issue an order (1) clarifying that Edelson may take merits discovery of Wesley Clover and Matthews as it would of any other non-resident non-party and (2) stating that, for purposes of the statute of limitations, any future amended complaint that Edelson might file upon the discovery of evidence sufficient to support personal jurisdiction over Wesley Clover and/or Matthews would relate back to the date of filing of the original complaint in this action. This matter is decided without oral argument, pursuant to Federal Rule of Civil Procedure 78(b).

1

Edelson's objections essentially ask this Court to render an advisory opinion. Edelson's right to take discovery of Wesley Clover and Matthews as foreign non-parties may depend on a web of rules, statutes and treaties, none of which are implicated by this decision. Edelson's request for an open-ended guarantee that any future complaint it may file against Wesley Clover and/or Matthews will relate back to the date of the original complaint presents a hypothetical issue, unripe and unsuitable for decision by a federal court. Magistrate Judge Dickson's Report and Recommendation is adopted in its entirety, and the motion to dismiss the First Amended Complaint is granted as to Defendants Wesley Clover and Matthews only.

## I.     BACKGROUND

Edelson's Complaint[1] alleges that the Defendants made false and misleading statements, omitted material facts, and exaggerated Encore's financial prospects and sales to induce Edelson to purchase a minority of shares in Encore. (First Am. Compl. [ECF No. 5] ("Compl.") ¶ 1).

Encore, a telecommunications company, is a Virginia corporation with its principal place of business in Virginia. (*Id.* ¶ 13). Madsen, an officer of Encore at all relevant times, is a citizen of Virginia. (*Id.* ¶¶ 27-28). Wesley Clover, an investment vehicle and private holding company that is the majority owner of Encore, is a Canadian corporation with its principal place of business in Canada. (*Id.* ¶¶ 17-18). Matthews, the founder and majority shareholder of Wesley Clover, is an individual who resides in Canada. (*Id.* ¶¶ 20-21). Based on their lack of contacts with New Jersey, Wesley Clover and Matthews filed a motion to dismiss the Complaint for lack of personal jurisdiction.

In his Report & Recommendation finding dismissal appropriate, Magistrate Judge Dickson rejected Edelson's two theories of personal jurisdiction: (1) "minimum contacts based on an 'agency' theory of jurisdiction and (2) the 'effects' test." (Magistrate Judge Dickson's August 13, 2012 Report & Recommendation ("R&R") at 6 [ECF No. 37]). According to the Report and Recommendation, the agency theory fails because Edelson did not sufficiently allege that "Matthews controls the personnel or operational policies of Encore . . . . that Encore or Madsen are doing business in the forum that would otherwise be done by Wesley Clover or Matthews, or that corporate formalities have been disregarded." (*Id.* at 8). Magistrate Judge Dickson found the effects test did not help Edelson either, (1) because Edelson's arguments do not "mention Wesley Clover at all" (*id.* at 9) and (2) because Edelson failed to offer

---

[1] The allegations of the Complaint have not yet been tested by any fact finder. This discussion, as it must, assumes their truth solely for the purpose of analyzing Defendant's Rule 12(b)(2) motion. *See Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).

evidence, as opposed to conclusory statements, "that Matthews expressly aimed his tortious conduct at New Jersey or that Matthews manifested behavior intentionally targeted at and focused on the forum." (*Id.* at 11 (internal quotation and citation omitted)). As a fallback, Edelson sought leave to conduct discovery in an attempt to establish a basis for personal jurisdiction. The Report and Recommendation concluded, however, that Edelson did "not demonstrate[] how, or why, jurisdictional discovery would be beneficial . . . [or] that if jurisdictional discovery is granted Plaintiff could then meet its burden." (*Id.* at 13).

## II.   LEGAL STANDARD

Under Local Civil Rule 72.1(c)(2), a party may object to a Magistrate Judge's report and recommendation within 14 days of service. The district court "shall make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see, e.g., United States v. Lightman*, 988 F. Supp. 448, 457 (D.N.J.1997) ("With respect to dispositive motions, the district court must make a *de novo* determination of those portions of the magistrate's Report to which a litigant has filed an objection."); *Zinberg v. Washington Bancorp, Inc.*, 138 F.R.D. 397, 401 (D.N.J.1990) ("the standard of review [for dispositive motions] . . . is *de novo* consideration of all portions of the report to which the parties object").

A district judge "may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record." L. Civ. R. 72.1(c)(2); *see also United States v. Raddatz*, 447 U.S. 667, 675–76 (1980) (analyzing the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), and holding that "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations").

As to uncontested portions of the report, the district court has discretion to choose an appropriate standard of review. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (the federal statute neither prohibits nor requires a particular standard if no objections are filed); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984). At a minimum, "[w]hat is not objected to, the district court reviews under the plain error or manifest injustice standard." *Megaparts v. Highcom Security*, No. 09-4052, 2010 U.S. Dist. LEXIS 63497, at *4 (D.N.J. June 25, 2010); *see, e.g., Banks v. Gallagher*, 686 F. Supp. 2d 499, 505 (M.D. Pa. 2009); *Cruz v. Chater*, 990 F. Supp. 375, 376–78 (M.D. Pa. 1998) (citing Advisory Committee notes on Federal Rule of Civil Procedure 72(b), implementing 28 U.S.C. § 636(b)(1)(C)).

### III. DISCUSSION

On August 27, 2012, Edelson timely filed a "limited [o]bjection" to two subsidiary issues in the Report and Recommendation. (Edelson's Objection to the R&R ("Objection"), at 1 [ECF No. 38]) The paragraph that is the subject of Edelson's Objection states:

> For these reasons, the Court respectfully recommends that the District Court deny Plaintiff's request for jurisdictional discovery. On the other hand, while this Court firmly believes that Plaintiff has not met the standards for jurisdictional discovery, it is not so confident that discovery may not ultimately disclose pertinent facts (either way) about Matthews' involvement, or lack thereof, in Plaintiff's investment. Accordingly, Defendants' motion should be granted, but the First Amended Complaint against Wesley Clover and Matthews should be dismissed without prejudice. The parties should not mistake the Court's thoughts about this issue as an open invitation for limitless exploration of irrelevant and unduly burdensome questions.

(R&R at 13). In finding that the threshold for jurisdictional discovery in this district was not met, the Report and Recommendation notes in passing that merits discovery might someday uncover facts relevant to Matthews and/or Wesley Clover's involvement, or not, in the investment that is the subject of Edelson's Complaint. Based on this remark, Edelson presents two issues.

First, Edelson requests an order permitting it to take merits discovery from Wesley Clover and Matthews as non-resident non-parties, pursuant to the Federal Rules of Civil Procedure and other applicable law. (Objection at 3.) Second, Edelson requests that any future amended pleading naming Wesley Clover and/or Matthews relate back to the date of the original complaint for purposes of the statute of limitations. (*Id.* at 4-5).

#### A. Merits Discovery of Wesley Clover and Matthews

Edelson's first request, particularly as clarified in a supplemental submission, is superfluous. No party objects to the dismissal of Edelson's claims against Matthews and Wesley Clover for lack of personal jurisdiction, and I am dismissing them. As a result, Matthews and Wesley Clover stand in the shoes of any other non-resident who is not a party to this action. Because they are not parties, discovery may not proceed against them in the usual course under Federal Rule of Civil Procedure 26 *et seq.* But that is not what Edelson is asking; Edelson concedes that it is not entitled to take discovery of Matthews and Wesley Clover as if they were parties. (Edelson Sept. 13, 2012 Letter [ECF No. 40]). Rather, Edelson intends to obtain discovery from these Canadians *in Canada,* by means of whatever procedures are available vis-à-vis

4

foreign non-parties. (*Id.*). That Edelson may obtain such discovery to whatever extent "applicable law" permits (*id.*) is a self-evident proposition, but not a particularly helpful one. I see no utility in entering an order to that effect and therefore deny this portion of Edelson's objection.

### B. Relation-Back of Any Future-Filed Complaint Naming Wesley Clover and Matthews as Defendants

Edelson seeks a judicial declaration that, if discovery reveals a basis for this court to exercise personal jurisdiction over Wesley Clover and/or Matthews, then any subsequent complaint against either shall relate back to the date of the original complaint for purposes of the statute of limitations. (Edelson proposes that its time to file such a complaint expire with any court-imposed deadline for completion of fact discovery. Because I am denying the main request, this ancillary suggestion of a time limit is moot.)

This court will not decide a speculative issue. I cannot preemptively declare that a hypothetical assertion of personal jurisdiction (if it ever happens), accompanied by the hypothetical filing of an amended complaint (if that ever happens) will have the legal consequence of relation-back for purposes of the statute of limitations (whichever one it is) that applies to such claims (whatever they are).

Someday Edelson may seek to file an amended complaint naming Wesley Clover or Matthews as a defendant.[2] Should it do so, the Court will entertain such an application and grant it if appropriate. If statute of limitations arises as an issue, the court will analyze that issue in the context of particular claims asserted on a defined date against specified parties. Edelson seeks a judicial insurance policy in advance of the event. Consistent with its constitutional and prudential duty to decide only concrete cases and controversies, this court cannot give such assurances. *See, e.g., Pennsylvania v. Lockheed Martin Corp.*, 681 F.3d 503, 506-07 (3d Cir. 2012) (stating the case or controversy requirement: "(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy with sufficiently adverse parties so as to sharpen the issues for judicial resolution").

### C. Adoption of Magistrate Judge Dickson's Report and Recommendation

Edelson's two objections to the Report and Recommendation are rejected. The balance of the Report and Recommendation, to which the parties do not

---

[2] Edelson has already amended its original complaint once. Authorization to file any subsequent amended complaint must be sought and obtained in compliance with the requirements of Federal Rule of Civil Procedure 15(a).

object, contains no apparent error. I therefore adopt the Report and Recommendation in its entirety.

## IV. CONCLUSION

For the reasons stated above, the objection of Edelson is rejected and the Report and Recommendation is adopted in its entirety. The motion to dismiss the First Amended Complaint for lack of personal jurisdiction as against Wesley Clover and Matthews only is **GRANTED**. An appropriate order follows.

_____
KEVIN MCNULTY, U.S.D.J.

Dated: October 11, 2012

6